[Cite as *State v. Nelson*, 2018-Ohio-3061.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-614 |
| | | (C.P.C. No. 15CR-5821) |
| Donald M. Nelson, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 2, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Valerie Swanson.*

**On brief:** *Regina Griffith*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Donald M. Nelson is appealing from his conviction on a charge of having a weapon under disability in violation of R.C. 2923.13 with an accompanying firearm specification. A jury had acquitted him of charges of murder, felonious assault, and improperly discharging a firearm at or into a habitation. The charge of having a weapon under disability had been submitted to the trial court judge as the trier of fact.

{¶ 2} Two assignments of error have been set forth on Nelson's behalf:

[I.] THE EVIDENCE AGAINST THE DEFENDANT WAS INSUFFICIENT TO SUSTAIN A COURT FINDING OF GUILTY AS TO THE FIREARM SPECIFICATION.

[II.] THE DEFENDANT WAS CONVICTED FOR AN OFFENSE WHICH WAS NOT PROPERLY STATED IN THE BILL OF PARTICULARS WHICH DEPRIVED HIM OF HIS

RIGHT TO DUE PROCESS AND TO PROPERLY DEFEND HIMSELF.

{¶ 3}   The appellate brief for Nelson acknowledges that Nelson had a firearm on November 16, 2015, and two days later on November 18, 2015.  R.C. 2923.13 reads:

(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(1) The person is a fugitive from justice.

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

(4) The person is drug dependent, in danger of drug dependence, or a chronic alcoholic.

(5) The person is under adjudication of mental incompetence, has been adjudicated as a mental defective, has been committed to a mental institution, has been found by a court to be a mentally ill person subject to court order, or is an involuntary patient other than one who is a patient only for purposes of observation. As used in this division, "mentally ill person subject to court order" and "patient" have the same meanings as in section 5122.01 of the Revised Code.

(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the third degree.

(C) For the purposes of this section, "under operation of law or legal process" shall not itself include mere completion,

termination, or expiration of a sentence imposed as a result of a criminal conviction.

{¶ 4}   Thus, the issue before us on appeal is not whether or not Nelson was guilty of R.C. 2923.13.  The sole issue before us is whether the firearm specification was properly adjudicated.

{¶ 5}   R.C. 2941.145 reads:

(A) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be stated in substantially the following form:

"SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense)."

(B) Imposition of a three-year mandatory prison term upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded if a court imposes a one-year, eighteen-month, six-year, fifty-four-month, or nine-year mandatory prison term on the offender under division (B)(1)(a)(i), (iii), (iv), (v), or (vi) of that section relative to the same felony.

(C) The specification described in division (A) of this section may be used in a delinquent child proceeding in the manner and for the purpose described in section 2152.17 of the Revised Code.

(D) Imposition of a mandatory prison term of fifty-four months upon an offender under division (B)(1)(a)(v) of section 2929.14 of the Revised Code is precluded unless the

indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed a firearm, or used the firearm to facilitate the offense and that the offender previously has been convicted of or pleaded guilty to a firearm specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be in substantially the following form:

SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed a firearm, or used the firearm to facilitate the offense and that the offender previously has been convicted of or pleaded guilty to a firearm specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code.)"

(E) Imposition of a mandatory prison term of fifty-four months upon an offender under division (B)(1)(a)(v) of section 2929.14 of the Revised Code is precluded if the court imposes a one-year, eighteen-month, three-year, or nine-year mandatory prison term on the offender under division (B)(1)(a)(i), (ii), (iii), (iv), or (vi) of that section relative to the same felony.

(F) As used in this section, "firearm" has the same meaning as in section 2923.11 of the Revised Code.

{¶ 6} The jury found Nelson's testimony at the trial sufficiently believable that it raised a reasonable doubt as to whether or not Nelson actually shot a gun on the day which was the day the murder occurred. The trial court judge apparently found the same witnesses sufficiently believable to find Nelson guilty with respect to the firearm specification. We are not in a position to reweigh the evidence. Therefore, we must accept the judge's factual finding.

{¶ 7}   The first assignment of error is overruled.

{¶ 8}   The second assignment of error seems to argue that Nelson was convicted of a charge which he was not properly notified was being pursued.  As to the underlying offense of having a weapon under disability, this argument has no merit.  As to the firearm specification, he was always on notice that the state of Ohio was alleging that he shot at and killed someone.  A great deal of trial testimony alleged that Nelson was a shooter.  Had the jury found Nelson guilty of the underlying offenses, the firearm specification would not be in serious debate.

{¶ 9}   Nelson alleged that he was not a shooter on the day of the killing, November 16, 2015.  The state of Ohio alleged and tried to convince the jury that Nelson did do some shooting on that day.  Apparently, the trial court judge was convinced.

{¶ 10}  Two days later, November 18, 2015, Nelson was arrested.  He volunteered the fact he had a firearm and pitched it on the ground.  The evidence does not support a firearm specification for that incident.

{¶ 11}  The Bill of Particulars referred to the shooting and killing which occurred on November 16, 2015.  The Bill of Particulars reflected the facts as the trial judge found them.  There is no due process problem.

{¶ 12}  Simply, the trial court judge was not bound by the jury's reasonable doubts and the jury was not bound by the trial court judge's being convinced that Nelson did some shooting on November 16, 2015.  Nelson was entitled to and got two separate weighings of the facts.  Although the outcome seems odd to the lay person, the outcome is permissible in a court of law.

{¶ 13}  The second assignment of error is overruled.

{¶ 14}  Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

KLATT, J., concurring.

{¶ 15}  I agree with the majority decision.  I write separately to emphasize two additional points.  With respect to appellant's sufficiency argument, in his first assignment of error, multiple witnesses testified at trial that appellant fired a weapon and/or displayed

a firearm during the altercation on November 16, 2015. This testimony is sufficient evidence to support the trial court's adjudication of the firearm specification associated with the weapons under disability count. *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus (a reviewing court does not assess whether the prosecution's evidence is to be believed, but whether, if believed, the evidence supports the conviction); *State v. Massalay,* 10th Dist. No. 15AP-544, 2016-Ohio-779, ¶ 32.

{¶ 16} In addition, contrary to appellant's contention, in his second assignment of error, there is nothing in the record to suggest that the trial court found appellant guilty of the gun specification based upon conduct that occurred at the time of his arrest. Therefore, the premise of appellant's second assignment of error is simply incorrect.

{¶ 17} For these additional reasons, I concur in affirming the trial court's judgment.

_____